Filed 2/25/21  P. v. Fryklind CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077856 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD220343) |
| PAUL J. FRYKLIND, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Howard H. Shore, Judge.  Reversed and remanded with directions.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers and Vincent P. LaPietra, Deputy Attorneys General, for Plaintiff and Respondent.

In October 2010, a jury convicted Paul J. Fryklind of second degree murder (Pen. Code,[1] § 187, subd. (a); count 1).  The jury also found true a

---

1      All further statutory references are to the Penal Code.

firearm enhancement alleging a principal in the offense used a firearm and proximately caused death or great bodily harm (§ 12022.53, subds. (d), (e)(1)). The jury also convicted Fryklind of assault with a semiautomatic firearm (§ 245, subd. (b); counts 3 and 4). The court sentenced Fryklind to an indeterminate term of 40 years to life plus 14 years eight months.

Fryklind appealed and this court affirmed the judgment in an unpublished opinion. (*People v. Fryklind* (Nov. 21, 2012, D058714) [nonpub. opn.].)

In 2019, Fryklind filed a petition for resentencing under section 1170.95. The court appointed counsel and received briefing from both parties. The court reviewed the record on appeal and concluded that Fryklind had not established a prima facie case for relief under section 1170.95.

Fryklind appeals contending the trial court erred in determining no prima facie case was shown by the petition. The court relied in part on this court's opinion, which concluded there was substantial evidence to support the jury's verdict on a theory of aiding and abetting the actual killer.[2] The Attorney General concedes error, arguing the trial court could not deny relief at that early stage of the petition review and should have issued an order to show cause and proceed to hearing. We will agree with the parties and find the court was premature in its resolution of the petition. We will reverse the court's order and remand the case for further proceedings.

## STATEMENT OF FACTS

The facts of the offenses are fully set forth in our prior opinion. We will not repeat them here. We will adopt the brief summary in the respondent's brief for background purposes.

---

[2] It is undisputed that Fryklind was not the actual killer.

Fryklind and his fellow gang-members attacked a rival gang member at a liquor store. One of Fryklind's confederates shot and killed the rival gang member and wounded other victims. Fryklind confessed his involvement in the murder to a cooperating witness who recorded the conversation. During that conversation, Fryklind acknowledged hiding the murder weapon at his girlfriend's house.

DISCUSSION

When a trial court receives a petition for resentencing under section 1170.95, the court must first review the petition to determine if the petition presents a prima facie case for relief. If it does, the court must issue an order to show cause and conduct the appropriate proceedings as required by the statute. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 975-976 (*Drayton*).)

In order to determine whether a prima facie case for relief has been shown, the court should ordinarily appoint counsel, and receive briefing from the People and from the petitioner. (§ 1170.95, subds. (c), (d)(1) & (3).)

The trial court may review the record of conviction to determine if the form allegations in the petition are correct. The authority to review the record "is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*Drayton, supra*, 47 Cal.App.5th at p. 980.)

If the record, without weighing evidence, shows the petitioner is ineligible for relief as a matter of law, the court can deny the petition without an order to show cause.

3

In this case, the trial court relied on the jury verdicts finding Fryklind to be an aider and abettor. The court also considered our prior opinion in which we found there was substantial evidence to support the verdict. The verdicts do not establish the requisite indifference for human life. Our opinion notes there was substantial dispute as to the exact role of the various parties to the crimes. Our finding of substantial evidence is not in itself a factfinding by this court. Rather, it is a statement that there was enough evidence, if believed by the jury, to support the verdicts.

In short, the record before the trial court does not, as a matter of law render Fryklind ineligible for relief under the statute.

We agree with the parties the trial court's order must be reversed and the case remanded to the trial court with directions to issue an order to show cause and undertake further proceedings.

## DISPOSITION

The order denying Fryklind's petition for resentencing under section 1170.95 is reversed. The case is remanded to the Superior Court with

4

directions to issue an order to show cause and to conduct such further proceedings as required by the statute.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

IRION, J.